UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH JAYNES,

        Plaintiff,                                  Hon. Janet T. Neff

v.                                                       Case No.  1:09-cv-407

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>. (Dkt. ##14, 17).  Plaintiff's counsel seeks $9,000.00 in fees.  Defendant has not opposed the motion.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **granted**.

On October 2, 2009, the parties stipulated to remand this matter to the Commissioner for further administrative proceedings. (Dkt. #12-13).  Plaintiff was subsequently awarded disability benefits, including past-due benefits in the amount of fifty-nine thousand two-hundred eighteen dollars and forty cents ($59,218.40).  (Dkt. #17, Exhibit B).  Plaintiff agreed to pay counsel twenty-five percent of any past-due benefits awarded which in this instance equals fourteen-thousand, eight-hundred four dollars and sixty cents ($14,804.60). (Dkt. #17, Exhibit D).  Normally, the Social Security Administration withholds twenty-five percent of any past-due benefits payments to satisfy attorney fee requests such as this.  In the present case, however, the Social Security Administration withheld from Plaintiff only seven hundred ninety-seven dollars and ten cents ($797.10) from Plaintiff's past-due benefits award.  (Dkt. #17, Exhibit C).

Counsel and Plaintiff have agreed to reduce counsel's fee in this matter to nine-thousand dollars ($9,000.00). (Dkt. #17 at 2; Dkt. #17, Exhibit E). Counsel and Plaintiff have also agreed that if a fee in this amount is approved, Plaintiff will receive a credit towards this amount in the amount of six-thousand dollars ($6,000.00), which represents the seven hundred ninety-seven dollars and ten cents ($797.10) that was withheld from Plaintiff's past-due benefits award and five-thousand two-hundred two dollars and ninety cents ($5,202.90) for services counsel performed before the administrative agency and for which counsel has already been paid. Thus, Plaintiff will pay counsel an additional three-thousand dollars ($3,000.00). This would result in a total of three-thousand seven hundred ninety-seven dollars and ten cents ($3,797.10) being "withheld" from her past due benefits award to pay counsel's fee.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Court finds counsel's request reasonable, appropriate, and consistent with the agreement into which Plaintiff and counsel entered.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), (dkt.##14, 17), be **granted** as detailed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                      Respectfully submitted,

Date:  February 27, 2012                         /s/ Ellen S. Carmody
                                                                    ELLEN S. CARMODY
                                                                    United States Magistrate Judge